## Commonwealth v. Olson

S. *J. Bonavita*, District Attorney for relatrix.
*Philip Jacobus*, for defendant.

WOLFE, P. J., October 11, 1974.—Defendant has petitioned us to remand proceedings against him to the magistrate so he may be afforded a preliminary hearing on charges of nonsupport.

Defendant argues he was charged under section 4321 of the Crimes Code in that he, in being a husband and father, has willfully neglected to maintain his wife and two children. On these charges, defendant and his attorney appeared at the magistrate court to make answer and requested a preliminary hearing which was scheduled but later cancelled by the magistrate for the reason that it was her understanding in non-support matters defendant was merely bound over to the court following the filing of the complaint and thus defendant was bound over to the court without a preliminary hearing.

We agree defendant is entitled to a preliminary hearing by virtue of Pennsylvania Rule of Criminal Procedure 141 if he is charged with a crime.

We think some confusion has arisen under the Crimes Code of the difference between section 4321, willful separation or nonsupport, and section 4322, support orders. The former is a criminal proceeding and the latter is a civil proceeding. The former imposes criminal sanctions of a fine and incarceration as a misdemeanor of the third degree and is implemented if the evidence would indicate a willful sepa-

ration while the latter has no such criminal sanctions unless defendant fails to answer a summons following which he may be arrested or if he fails to comply with the court order of support. Under the latter, the magistrate, upon information made, may issue an arrest warrant against whom the information was filed and bind him over to court with one sufficient surety to appear at the Court of Common Pleas and there to answer the charge.

The Court of Common Pleas affords the husband or father a summary hearing after which, if proper, an order of support is entered. In the event respondent does not comply with the order, his property is subject to execution and he may be incarcerated for contempt to comply. These proceedings also permit the court to set visitation rights with children.

There may be those cases in which the Commonwealth desires to file criminal proceedings against one who has willfully separated from his spouse or children or willfully neglects to maintain his wife or children when criminal sanctions are warranted; however, for the most part, section 4322 should be implemented when there is only a question of the amount of support and whether those filing for support are entitled to it.

Because the district attorney has expressed his view that the Commonwealth does not intend to prosecute the defendant in a criminal proceeding, we will order the case remanded to the magistrate and direct it be commenced by civil complaint under section 4322(a)(2), application for relief. Thereafter, the magistrate shall issue a summons for defendant's appearance, and, if he should fail to appear, issue a warrant for his arrest and bind him over, with one sufficient surety, to appear at the court and there to answer the charge. Since this court has the Domestic Relations Division, the parties will be directed to seek an ami-

cable agreement which shall be executed by the court as an order and, if this is impossible, the Domestic Relations Division will schedule the case for court.

This civil remedy is in keeping with the Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, sec. 1, 62 PS §2043.31, and although the court as therein defined is the Quarter Sessions Court of any county, the proceedings are not considered criminal in nature and the procedure is very similar to that outlined under section 4322 of the Crimes Code, except the initial proceeding is commenced in the Court of Quarter Sessions rather than the magistrate court.

The Act of December 6, 1972, P. L. 987 (No. 291), sec. 2, 62 PS §2043-1, cited as the Revised Uniform Reciprocal Enforcement of Support Act, also permits a choice of law of civil enforcement or criminal enforcement.

These civil proceedings have been customarily considered quasi-criminal in nature and are filed on the criminal side or in the Quarter Sessions Court, but they do not create a criminal record for the obligor but rather permit the district attorney to represent the complainant rather than the complainant be required to retain private counsel. This is in keeping with the interest of the Commonwealth in the family unit and the duty of a father or husband to support his wife or children and, since the structure of the State and its continuation is involved, it is proper for the district attorney to handle the proceedings.

For these reasons, we enter the following order:

## ORDER

And now, to wit, October 11, 1974, the proceedings are remanded to the magistrate court for proceedings in keeping with this opinion.